UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
RADIO MUSIC LICENSE COMMITTEE, INC.,                   :
:
Plaintiff,           :
:           22 Civ. 5023 (JPC) (SDA)
-v-                              :
:                    ORDER
AMERICAN SOCIETY OF COMPOSERS, AUTHORS,                :
AND PUBLISHERS, *et al.*,                              :
:
Defendants.          :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On August 12, 2024, Global Music Rights, LLC ("GMR") moved to intervene in this action for purposes of protecting its interests in the confidentiality of certain documents that Respondent Broadcast Music, Inc. ("BMI") has sought in discovery from Plaintiff Radio Music License Committee, Inc. ("RMLC") and which, according to GMR, contain "highly confidential" GMR information (the "Requested Discovery"). *See* Dkts. 64-66. GMR cited as the basis for its intervention Federal Rule of Civil Procedure 24(a)(2), *see id.*, which provides for intervention of right when an intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). GMR additionally moved for a protective order barring RMLC from further producing the Requested Discovery. *See* Dkts. 64-66.

The Court has referred this case to the Honorable Stewart D. Aaron for general pretrial supervision and the handling of dispositive motions. Dkt. 69. On September 1, 2024, Judge Aaron issued an order granting in part and denying in part GMR's motion. Dkt. 89 (the "September 1 Order"). Judge Aaron allowed GMR to intervene "for the limited purpose of protecting its interest

in the confidentiality of the Requested Discovery." *Id.* at 7-8. Judge Aaron denied GMR's request for a protective order that would completely bar disclosure of the Requested Discovery, yet concluded that GMR established its entitlement to additional protections, which are set forth in the Order. *Id.* at 9-11.

Anticipating a motion for reconsideration from BMI, the parties requested an extension of time to file objections to the September 1 Order. Dkt. 99. On September 13, 2024, the undersigned stayed the deadline to file objections and directed the parties to file any objections within ten days following Judge Aaron's ruling on the motion for reconsideration. Dkt. 100. As expected, BMI moved for reconsideration on September 16, 2024, Dkts. 102-103, and Judge Aaron denied that motion on October 2, 2024, Dkt. 116. The deadline for objections thus became October 12, 2024. That deadline has passed, and the docket does not reflect the filing of any objections to the September 1 Order either as to the motion to intervene or as to the motion for a protective order.

"Motions to intervene are not among those enumerated in 28 U.S.C. § 636(b)(1)(A) as dispositive when referred to a magistrate judge. But that list is 'non-exhaustive,' and other motions may be dispositive depending upon 'the practical effect of the challenged action on the instant litigation.'" *Kumaran v. Nat'l Futures Ass'n*, Nos. 20 Civ. 3668 (GHW), 20 Civ. 3873 (GHW), 22 Civ. 8095 (GHW), 2023 WL 3160116, at *19 (S.D.N.Y. Apr. 28, 2023) (citation omitted) (quoting *Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008)). "There is authority within the Second Circuit holding that a motion to intervene is dispositive, at least insofar as it is brought as of right under Rule 24(a)." *Global Auto, Inc. v. Hitrinov*, Nos. 13 Civ. 2479 (PKC), 14 Civ. 2566 (PKC), 2021 WL 1220712, at *4 (E.D.N.Y. Mar. 31, 2021) (alterations omitted). Thus, in an excess of caution, the Court construes the September 1, 2024 Order, to the extent it allowed GMR to intervene to protect its interests in the confidentiality of the Requested Discovery, as a report and recommendation. *Cf. New York Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 996

F.2d 21, 25 (2d Cir. 1993) (explaining that without express consent to proceed before a magistrate judge, "the magistrate judge's order [on a motion to intervene] has the effect only of a report and recommendation to the district judge, who upon the filing of objections must review *de novo* the recommendation").

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the report and recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

No objections to the September 1 Order have been filed and the time for making any objections has passed. Indeed, as Judge Aaron noted, BMI did not challenge GMR's right to intervene in this proceeding for the purposes of seeking a protective order. September 1 Order at 7 (citing Dkt. 80 at 15 n.6). Further, notwithstanding a lack of objections, the Court has conducted a *de novo* review of the September 1 Order as it concerns GMR's motion to intervene, finds it to be well-reasoned and its conclusions well-founded, and thus adopts that portion of the Order in its entirety.[1]

SO ORDERED.

Dated: October 18, 2024
      New York, New York

JOHN P. CRONAN
United States District Judge

---

[1] The Court also notes that no party objected to the September 1 Order regarding GMR's non-dispositive motion for a protective order and the time for filing objections has passed.