USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/21/2025

**O'Melveny**

O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

File Number:

January 13, 2025

**David Marroso**
D: +1 310 246 8469
dmarroso@omm.com

<u>**VIA ECF**</u>

Hon. Stewart D. Aaron
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1970
New York, NY 10007

Re:   *Radio Music License Committee, Inc. v. Broadcast Music, Inc.*, **No. 1:22-cv-05023-JPC-SDA**

Dear Judge Aaron:

I write on behalf of non-party Global Music Rights, LLC ("GMR"). GMR respectfully submits this letter requesting that the Court order sealed very limited portions of the transcript from the January 2, 2025 hearing. Attached as Exhibit A are the portions of the transcript that GMR requests that the Court order sealed. The Radio Music License Committee ("RMLC") and Broadcast Music, Inc. ("BMI") do not object to this request.

Although documents "relevant to the performance of the judicial function and useful in the judicial process" are entitled to a presumption of public access, the presumption of access must be balanced against "competing considerations." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Among the relevant countervailing factors are the "privacy interests of those resisting disclosure," and the "nature and degree of injury" that will result from disclosure. *Id.* at 120.

A party's or non-party's interest in keeping confidential its highly sensitive business information is sufficient to tip the scale in favor of sealing the documents that contain such information. *See GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"). Similarly, if the disclosure of a party's or non-party's confidential business information places such party at risk of competitive harm, there is compelling justification for sealing the documents containing such information. *See Haley v. Teachers Ins. and Annuity Assn. of Am.*, 2020 WL 3618573, at *1 (S.D.N.Y. July 2, 2020) ("The sealing of documents may be justified to preserve higher values, including the need to protect an entity from competitive injury."). And so courts in this district routinely grant such requests. *See, e.g., FuboTV Inc. v. The Walt Disney Company*, No. 24-cv-1363, Dkt. 373 (S.D.N.Y. Jan. 2, 2025) (granting request to seal portions of hearing transcript that "contain highly commercially sensitive and confidential business information including, for example, confidential terms of competitively sensitive contracts").

Privileged & Confidential
Attorney-Client Communication & Work Product



GMR's request is narrowly tailored. *See Lugosch*, 435 F.3d at 120. GMR only seeks to redact two references made by BMI's counsel at the hearing to terms that GMR has in individual licenses with specific radio station groups. The existence of these terms is not publicly known and is highly competitively sensitive, particularly given that these types of terms are still in effect in some of GMR's current licenses. *See Louis Vuitton*, 97 F. Supp. 3d at 511 (granting motion to seal where proposed redactions, if revealed, "may provide valuable insights into a company's current business practices") (citation omitted). The disclosure of the provisions GMR seeks to redact would cause competitive harm to GMR by revealing to competitors and other industry participants with whom GMR is frequently in negotiations commercially sensitive information about terms in GMR's licenses with radio stations and station groups.

Further, neither the RMLC nor BMI will be prejudiced by this request because both are already aware of the redacted information.

GMR therefore respectfully requests that the Court maintain the portions of the transcript designated in Exhibit A under seal.

Respectfully submitted,

*/s/ David Marroso*

David Marroso (*pro hac vice*)
Partner
O'MELVENY & MYERS LLP


Counsel for Non-Party Global Music Rights, LLC


Application GRANTED. For the reasons set forth by GMR, the Court finds that the proposed redactions are narrowly tailored to protect confidential business information. The Clerk of Court is respectfully requested to file the redacted version of the January 2, 2025 hearing transcript (*see* ECF No. 147-1) as a separate entry on the ECF docket and to maintain the underacted version filed at ECF No. 143 under seal. SO ORDERED.
Dated: January 21, 2025

2